UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAA ALTAMIMI,

    Petitioner,

v.

MARY BERGHUIS,

    Respondent.

_____/

Case No. 1:12-cv-358

HON. JANET T. NEFF

**OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition (Dkt 22 at 33). The matter is presently before the Court on Petitioner's objections to the R & R (Dkt 23). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R & R to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

**Claim I: Ineffective Assistance of Counsel**

Petitioner objects to the Magistrate Judge's conclusion that the decision of the Michigan Court of Appeals to reject Petitioner's ineffective assistance of counsel claim "was neither contrary to, nor involved an unreasonable application of *Strickland* [*v. Washington*, 466 U.S. 668 (1984)]" (Pet'r Obj., Dkt 23 at 1; R & R, Dkt 22 at 26). Petitioner argues that the Michigan Court of Appeals

and the Magistrate Judge failed to consider the affidavit from Petitioner's trial counsel (Pet'r Obj., Dkt 23 at 2).[1] However, Petitioner's assertion is untrue. The R & R quotes the Michigan Court of Appeals decision at length in its analysis, and that court reasoned that "despite counsel's later assertions in his affidavit, it appears" that allowing "the jury to view the entire videotape" had "been a valid strategic decision, which we will not second-guess" (R & R, Dkt 22 at 21). Therefore, there is no evidence that the Magistrate Judge failed to thoroughly consider the record. Petitioner otherwise proffers no argument to warrant rejecting the Magistrate Judge's determination that the Michigan Court of Appeals' decision "was neither contrary to, nor involved an unreasonable application of *Strickland*" (R & R, Dkt 22 at 26).

Moreover, even if the affidavit demonstrated that counsel's performance fell below an objective standard of reasonableness under *Strickland*, Petitioner has failed to show prejudice for the reasons stated in the R & R (Dkt 22 at 24-26). *See Strickland*, 466 U.S. at 964 (stating that to show prejudice, Petitioner "must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

Petitioner argues in the alternative that his trial counsel's performance was so inadequate that it resulted in a constructive denial of counsel under *United States v. Cronic*, 466 U.S. 648 (1984) and as a result, prejudice is presumed (Pet'r Obj., Dkt 23 at 2). *See Cronic*, 466 U.S. at 659 (stating that "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then

---

[1] The affidavit from Petitioner's trial counsel states that trial counsel considers the decision to allow the jury to view a video taped interview with the victim prior to Petitioner's arrest a "major strategic error" (Dkt 23-1 at 3). Furthermore, the affidavit states that trial counsel "did not consider playing only certain portions of the video for impeachment purposes only" or "requesting an adjournment so that an expert in forensic interviewing techniques could evaluate the video and testify to the jury about any flaws in the interview" (*id.*). Trial counsel concludes that he "had no strategic basis for this failure" (*id.*).

there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable"). However, Petitioner raises this issue for the first time in his case. The Magistrate Judge had no opportunity to evaluate this claim and therefore it is procedurally barred. *See Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 n.2 (6th Cir. 2010) (stating that while the Sixth Circuit has not squarely addressed whether a party may raise new arguments before a district judge, that were not presented to the magistrate judge, the Sixth Circuit has indicated that a party's failure to raise an argument before the magistrate judge constitutes a waiver). *See, e.g.*, *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998); *Marr v. Foy*, No. 1:07-cv-908, 2010 WL 3061297 (W.D. Mich. Aug. 3, 2010); *Jones-Bey v. Caruso*, 1:07-cv-392, 2009 WL 3644801 (W.D. Mich. Oct. 30, 2009). Thus, since Petitioner asserts this argument for the first time at this stage of his case, his constructive denial of counsel claim is deemed waived.

Alternatively, even if this claim was not procedurally barred due to Petitioner's failure to raise it before the Magistrate Judge, Petitioner's claim would lack merit. The Sixth Circuit has "applied *Cronic* only where the constructive denial of counsel and the associated collapse of the adversarial system is imminently clear." *Moss v. Hofbauer*, 386 F.3d 851, 861 (6th Cir. 2002). As the R & R correctly noted, "the jury had already heard ample evidence to support its verdict" by the time the videotape was played at trial (R & R, Dkt 22 at 24). In addition, as the Magistrate Judge explained, Petitioner has "failed to offer any evidence by a potential expert witness to demonstrate that [the officer's] interviewing technique was improper" and "the jury heard Petitioner's counsel explain that [the officer] used leading questions to get the responses she wanted to hear from [the victim]" (R & R, Dkt 22 at 26). As a result, Petitioner has failed to demonstrate an "imminently

3

clear" "collapse of the adversarial system" and his claim of constructive denial of counsel is without merit. *Moss*, 286 F.3d at 861.

In addition, Petitioner asserts that he should "at least [be] afforded an evidentiary hearing" (Pet'r Obj., Dkt 23 at 3). However, for the reasons stated above, there is no basis for an evidentiary hearing, and Petitioner's request is denied.

### Claim II: *Brady* Violation

Petitioner objects to the Magistrate Judge's conclusion that "the state court reasonably concluded that Petitioner's claim regarding an alleged *Brady* violation was without merit" (Pet'r Obj. Dkt 23 at 4; R & R, Dkt 23 at 33). Petitioner argues that "the prosecution committed a *Brady* violation when Petitioner received his full transcribed statement on the second-to-last day of trial, after he testified." (Pet'r Obj. Dkt 23 at 4). However, Petitioner's objection raises arguments identical to the arguments included in his original petition. The Magistrate Judge liberally construed, and thoroughly considered, such previous assertions in light of the record and the governing law (R & R, Dkt 22 at 27-34). Petitioner proffers no argument to warrant rejection of the Magistrate Judge's determination that the state court reasonably concluded that the prosecution's late disclosure of the transcript did not violate *Brady*. For the reasons stated in the R & R, Petitioner has failed to demonstrate a *Brady* violation.

### Certificate of Appealability

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues

individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied.

Accordingly:

**THEREFORE, IT IS ORDERED** that the Objections (Dkt 23) are DENIED, and the Report and Recommendation of the Magistrate Judge (Dkt 22) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated: September 30, 2015          /s/ Janet T. Neff
                                   JANET T. NEFF
                                   United States District Judge